UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAVAAR G.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 22-cv-12818
Honorable Paul D. Borman
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF NOS. 13, 15)**

## I. Introduction

Plaintiff Javaar G. appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying his application for supplemental security income (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court **RECOMMENDS** that:

- Plaintiff's motion (ECF No. 13) be **DENIED**;
- the Commissioner's motion (ECF No. 15) be **GRANTED**; and

- the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

## II. Background

### A. Plaintiff's Background and Disability Application

Born in November 1973, plaintiff was 46 years old at the time of his application. ECF No. 8, PageID.46. Plaintiff had no past relevant work. *Id.* He claimed to be disabled from bipolar disorder, insomnia, and depression. *Id.*, PageID.87-88.

After the Commissioner denied his disability application initially, plaintiff requested a hearing, which took place in October 2021. *Id.*, PageID.36. Plaintiff and a vocational expert (VE) testified at the hearing. *Id.* In the decision that followed, the ALJ found plaintiff not disabled. *Id.*, PageID.47. The Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner. *Id.*, PageID.27. Plaintiff timely filed for judicial review. ECF No. 1.

### B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 416.920(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education, and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c).

the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that plaintiff was not disabled. At the first step, he found that plaintiff had not engaged in substantial gainful activity since the application date. ECF No. 8, PageID.38. At the second step, the ALJ found that plaintiff had the severe impairments of right upper extremity degenerative changes, right hip degenerative joint disease, persistent depressive disorder, generalized anxiety disorder, major depressive disorder with psychotic features, and bipolar disorder. *Id.* Next, the ALJ concluded that none of his impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. *Id.*, PageID.38-40.

Between the third and fourth steps, the ALJ found that plaintiff had the RFC to perform sedentary work, except

> he can sit 6 of 8 hours; he can stand and/or walk 2 of 8 hours; he requires the ability to change positions once per hour, standing from sitting and/or sitting from standing, for 10 minutes at a time, remaining on task while changing positions; he can occasionally climb ramps or stairs, with hand rails; he cannot climb ladders, ropes, or scaffolds; he can occasionally balance, stoop, kneel, crouch, and crawl; he can use a cane for ambulation; he can occasionally push and pull with the right, dominant, upper extremity and frequently push and pull with the left upper extremity; he can frequently handle, finger, and feel; he can perform simple, routine and repetitive tasks (at the frequent level), but not at a production rate pace (such as

> assembly line work), involving only simple work related decisions with few, if any, work place changes; he can have brief and superficial contact with co-workers and supervisors; he should have no contact with the general public; he should have no exposure to hazards, such as unprotected heights or the operational control of dangerous moving machinery, but he can avoid ordinary hazards in the workplace, such as boxes on the floor, doors ajar, or approaching people or vehicles.

*Id.*, PageID.40-41. At step four, the ALJ found that plaintiff had no past relevant work. *Id.*, PageID.46. At the final step, after considering plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ also concluded that he could perform jobs that existed in significant numbers in the national economy, including type copy examiner, document preparer, and final assembler. *Id.*, PageID.46-47. The ALJ thus concluded plaintiff was not disabled. *Id.*, PageID.47.

## III. Analysis

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is

> not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up). The substantial-evidence standard does not permit the Court to independently weigh the evidence. *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

Plaintiff argues that the Court must remand this matter because the ALJ failed to adequately consider consultative examiner Jose Mari G. Jurado, M.D.'s opinion. ECF No. 13, PageID.673-679. The Court disagrees and recommends the ALJ's decision be affirmed.

**B.**

ALJs must explain the persuasiveness of all opinions from both treating and non-treating sources by considering several factors. 20 C.F.R.

§ 416.920c(a). "But the regulations only require ALJs to discuss the first two—supportability and consistency." *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 905 (E.D. Mich. 2021). Under the supportability factor, the more relevant "objective medical evidence and supporting explanations presented by a medical source to support his or her medical opinion," the more persuasive the medical opinion will be. 20 C.F.R. § 416.920c(c)(1). An opinion that is more consistent with the evidence from other medical sources and nonmedical sources is also more persuasive. *Id.* § 416.920c(c)(2).

Dr. Jurado found that plaintiff had muscle atrophy in the right quadriceps, asymmetrical muscle tone and strength in the lower extremities, and diminished strength in his right leg. ECF No. 8, PageID.637. The range of motion in plaintiff's hips, knees, ankles, and feet was painful, with limitations in the right hip. *Id.*, PageID.637-638. Dr. Jurado noted that plaintiff could walk with a cane and that his gait was antalgic, slow, and painful on the right, with balance issues. *Id.* He noted that plaintiff had a positive Phalen's test in the right hand and weakness and painful range of motion in his right shoulders, elbows, wrists, and hands. *Id.* Plaintiff's lumbar spine had increased lordosis with muscle spasms, and range of motion was limited with complaints of pain. *Id.* Dr.

Jurado found that plaintiff would have "frequent physical limitations" in pushing, pulling, lifting, carrying, and reaching (especially in the right shoulder, hip, and knee), and in standing, squatting, and bending. *Id.* But Dr. Jurado concluded that plaintiff could perform sedentary work. *Id.*

Contrary to plaintiff's argument, the ALJ discussed those findings but found Dr. Jurado's opinion unpersuasive. *Id.*, PageID.42, 44-45. The ALJ addressed the supportability of Dr. Jurado's opinion, finding that it was "not sufficiently specific, [and] not entirely supported by the examination findings." *Id.*, PageID.44. While Dr. Jurado stated that plaintiff had weakness in his right upper extremity, he found that plaintiff's strength was -5/5 in his upper extremities and 5/5 in his left lower extremity. *Id.*, PageID.42, 637.[2] Plaintiff had no significant muscle atrophy, symmetrical tone and strength, and normal range of motion in his shoulders, elbows, wrists, and hands. *Id.*, PageID.45, 637-638. The ALJ also correctly noted that plaintiff's coordination was intact and that his sensory perception was normal except in his left foot. *Id.*, PageID.42, 637. And plaintiff could sit and stand without assistance and could stand on his heels and toes. *Id.*,

---

[2] Although these findings were addressed in the paragraphs before the ALJ assigned little weight to Dr. Jurado's opinion, the Court considers all sections of the ALJ's opinion together. *See Crum v. Comm'r of Soc. Sec.*, 660 F. App'x 449, 457 (6th Cir. 2016).

PageID.42, 45, 637-638. Last, Dr. Jurado's notes show that plaintiff's range of motion was normal in all areas except for lumbar extension and in his right hip. *Id.*, PageID.639-640. He also found that plaintiff could perform many functions like sitting, standing, bending, and stooping. *Id.*, PageID.641.

The ALJ also addressed consistency, finding that Dr. Jurado's opinion conflicted with the record evidence that plaintiff received "minimal, conservative treatment" for his hip and back impairments. *Id.*, PageID.43-44. Apart from Dr. Jurado's report, the record contains only ten pages of medical records for plaintiff's physical conditions. As the ALJ described, those records include imaging studies showing that plaintiff had advanced degenerative changes in the right hip joint with bone-on-bone appearance but no fracture or dislocation. *Id.*, PageID.42, 632, 644. During an August 2021 appointment, plaintiff's provider noted that his right hip osteoarthritis caused pain and a staggered gait. *Id.*, PageID.42, 651-652. Plaintiff also had muscle spasms and tenderness in the lumbar spine. *Id.*, PageID.652. But plaintiff reported improvement in his hip with physical therapy and had normal posture, normal sensory and motor abilities, equal strength bilaterally, and normal range of motion. *Id.*, PageID.42, 652-653. The provider stated that plaintiff used only a topical anti-inflammatory cream for

pain and did not have joint injections or use other medications. *Id.* While the provider prescribed an oral muscle relaxer for the low back pain, plaintiff later reported that he was only using a topical pain reliever. *Id.*, PageID.71, 343, 653.

Plaintiff contends that the ALJ did not adequately address Dr. Jurado's findings of lower back pain or pain and weakness of the upper extremities. ECF No. 13, PageID.677. But the ALJ did consider those findings. ECF No. 8, PageID.42-43. The ALJ also discussed Dr. Jurado's opinion about plaintiff's functional capacity. *Id.*, PageID.44. And although the ALJ found Dr. Jurado's opinion unpersuasive, the RFC restrictions align with the functional limitations that Dr. Jurado identified. Plaintiff does not meet his burden of showing how his physical impairments "limited his ability beyond the ALJ's RFC" by citing medical evidence tying those impairments to greater functional limitations. *See Simpkins v. Comm'r of Soc. Sec.*, No. 20-10673, 2021 WL 4198404, at *3 (E.D. Mich. Apr. 8, 2021), *adopted*, 2021 WL 3771874 (E.D. Mich. Aug. 25, 2021); *Carpenter v. Comm'r of Soc. Sec.*, No. 1:19-cv-282, 2020 WL 3848205, at *4 (W.D. Mich. June 18, 2020), *adopted*, 2020 WL 3833063 (W.D. Mich. July 8, 2020) ("Plaintiff also does not identify any additional limitations that the ALJ should have included in the RFC to account for [her] migraines.").

Plaintiff also argues that the ALJ's analysis of Dr. Jurado's opinion is internally inconsistent, as he included an RFC restriction to occasional pushing and pulling with the right upper extremity but omitted the rest of Dr. Jurado's recommendations. ECF No. 13, PageID.678-679. Again, plaintiff does not identify what recommendations the ALJ ignored. Even so, it is not error for an ALJ to adopt some parts of an opinion while rejecting others. *See Morandy v. Comm'r of Soc. Sec.*, No. 2:19-cv-13464, 2021 WL 925227, at *6 (E.D. Mich. Feb. 22, 2021), *adopted*, 2021 WL 915540 (E.D. Mich. Mar. 10, 2021) ("The ALJ was not required to adopt each and every one of his recommendations; nor was the ALJ required [to] explain every limitation he did not adopt."); *Price v. Comm'r of Soc. Sec.*, No. 14-cv-13662, 2016 WL 3193025, at *2 (E.D. Mich. June 9, 2016) ("[A]n ALJ is not required to adopt all of an examining source's findings, even if the ALJ gives the opinion great weight."). Since the ALJ adequately explained why he found Dr. Jurado's opinion unpersuasive, he did not err by rejecting some of Dr. Jurado's findings.

## IV. Conclusion

The Court **RECOMMENDS** that plaintiff's motion for summary judgment (ECF No. 13) be **DENIED**, the Commissioner's motion for

summary judgment (ECF No. 15) be **GRANTED**, and the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 30, 2024

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the

same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 30, 2024.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager